UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THE CADLE COMPANY,

    Plaintiff,

v.            406CV255

HAROLD R. BEURY and SANDRA J. BEURY,

    Defendants.

## ORDER

## I. INTRODUCTION

In this collection case plaintiff The Cadle Company seeks a deficiency judgment against defendants Harold and Sandra Beury. The deficiency arises from the collection of promissory notes the Beurys signed; two 1989 foreclosures on Texas properties that had secured those notes failed to satisfy the balances owed. Doc. # 1.

Cadle claims $64,135.84 for the deficiencies, plus interest, costs, and $25,000 in attorney's fees. *Id.* In its last Order, the Court granted the Beurys $20,500 in F.R.Civ.P. 41(d) costs because Cadle had sued them on the same claim in Texas state court, caused them to run up $41,000 in legal fees, then dismissed the Texas action before bringing a virtual replay here. Doc. # 39. The Court has since stayed this case until Cadle pays them the $20,500. Seeking to spare itself the cost of attempting an interlocutory appeal on that issue, Cadle now moves the Court to stay that payment and proceed to the merits of the case. Cadle also wants the Court to reconsider the $20,500 amount itself. Doc. ## 40-42.

## II. BACKGROUND[1]

The Beurys executed three promissory notes to purchase three Texas properties in 1985; the notes were secured by the properties. Doc. # 33 at 1. After the Beurys defaulted in 1989, the notes' holder foreclosed and sent the Beurys notice at their New Jersey residence. *Id.* at 2. At some point, Cadle acquired the notes and thus the right to collect from the Beurys. Doc. # 1 at 4, 6. In 2005, the Beurys, then retirees living in Savannah, Georgia, received notice from Cadle that the proceeds of the 1989 foreclosure sales were insufficient to cover the amounts owing on the promissory notes, and that they were liable for both the deficiency amounts plus interest. Doc. # 33 at 2.

Invoking a limitations statute, the Beurys refused to pay, so Cadle sued them in a Texas state court on all three notes. *Id.* Fifteen months of litigation (costing the Beurys $41,000) culminated in a 2.5-hour hearing on the limitations issue. Before that court could rule, however, Cadle voluntarily dismissed the case and filed this action to collect on two of the three notes. *Id.* at 3-4. The parties' actions suggest that this forum is favorable to Cadle, and the Texas forum is favorable to the Beurys.

This Court noted two problems with Cadle's suit here. First, its complaint did not appear to meet the amount in controversy requirement for federal diversity jurisdiction. Doc. # 20. Second, as pointed out by the Beurys, doc. # 16 at 4, Cadle failed to comply with S.D.Ga.L.R.

---

[1] The non-procedural facts are derived from the affidavits presented by the Beurys in their motion to transfer, and are accepted for this Order only. Doc. # 16.

3.1, requiring a plaintiff to notify the Court that their case "involves the same issues appearing in, or grows out of the same transaction appearing in a case already pending in any court." S.D.Ga.L.R. 3.1. The Beurys also asked for the case to be transferred to Texas, doc. # 16 at 4-12, or that Cadle be required to reimburse them for their wasted costs of litigating the dismissed Texas action. Doc. # 16 at 12.

Cadle countered that it met the amount-in-controversy requirement because its $25,000 attorney fee claim bore contractual underpinnings, so it was properly included in the amount in controversy. Doc. # 24 at 4. Cadle also responded that it complied with Local Rule 3.1 because it dismissed the Texas action hours before filing this action, so that case in fact was not "already pending" when it filed this case. Doc. # 18. Finally, Cadle challenged the Beurys's transfer motion. *Id.*

While the Court had these issues under advisement, the Beurys filed a declaratory judgment action on all three notes in Texas state court. *See* doc. # 43. Apparently when this Court questioned subject matter jurisdiction, the Beurys pounced and thus sought to establish a more favorable forum in the event this Court dismissed this action. Doc. # 49 at 6. This Court was not aware of the ongoing Texas litigation when it set the Rule 41(d) costs.

Meanwhile, the Court agreed with Cadle that (a) the amount in controversy was met, doc. # 33 at 1-2; (b) Cadle did not violate Local Rule 3.1, *id.* at 2-3; and (c) this case should not be transferred. *Id.* The Court also concluded, however, that a portion of the Beury's original-Texas-action costs should be shifted to Cadle, then directed the parties to brief whether F.R.Civ.P. 41(d) "costs" included attorney's fees. *Id.* at 3-5. After briefing, the Court concluded that Rule 41(d) costs did include attorney's fees, doc. # 39 at 1-4, then set the proper amount at $20,500. *Id.* at 4-6. The Court ordered the case stayed until Cadle paid that amount to the Beurys. *Id.* at 6.

### III. ANALYSIS

Cadle moves to lift that stay so the litigation can continue to resolution. That way, it can appeal the underlying merits of this case at the same time that it challenges the Court's Rule 41(d) interpretation. That interpretation, Cadle reminds, conflicts with both courts of appeals to have decided the issue. Doc. # 42 at 1-3, *disagreeing with Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) *and Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000). Without a stay, Cadle contends, it would have to bear the otherwise avoidable expense of pursuing an interlocutory appeal. Doc. # 42 at 2-3.

The Court agrees with Cadle that the novelty of the question supports allowing an appeal before the $20,500 award is paid to the Beurys. Yet, a Rule 41(d) payment is not the same as a judgment (the plaintiff can abandon the litigation rather than pay), and thus payment of Rule 41(d) costs *before* the violator may continue in the second forum is required (lest the defendant succeed on the merits and never see a penny of the Rule 41(d) costs). Cadle suggests that, rather than paying the Beurys, it be allowed to deposit the award in the Court registry until a decision on the merits is rendered and the appeal is decided. Doc. # 42 at 2-3. The Court sees no problem with this solution, which addresses both concerns noted above. The Court therefore will lift the stay when Cadle pays $20,500 into the Court's registry (Cadle should thus present the Court with a proposed lift-stay Order after it makes

that payment). *See* F.R.Civ.P. 67; S.D.Loc.R. 67. As a result, Cadle's right to appeal the Rule 41(d) Order after this Court decides the merits will be preserved, as will the Beurys' ability to collect the award should it be affirmed.

Next, Cadle moves the Court to reconsider the amount awarded because, *inter alia*, the Court was unaware of the Texas declaratory judgment action when setting the amount of fees. Doc. # 43; doc. # 50. As the Court noted in its last Order:

> Though the Court's Rule 41(d) discretion reaches all previous-litigation costs related to the two notes litigated here, the Court fairly should consider the absence of the third note in this case. As an extreme example, if the Texas action involved 100 notes and the claim on one note was nonsuited and refiled in this Court, it would be unjust to impose on Cadle the Beurys' costs for the entire previous suit. The Court thus deems it proper to reduce the Beurys' costs by 1/3 since the Texas litigation involved a third note not at issue here.

Doc. # 39 at 4. As can be seen, the Court already took the absence of the third note into account; what type of litigation was going on with regard to that note was irrelevant to the one-third reduction granted. For that matter, the Court discussed several other factors to take into account when shifting costs:

> To summarize, the Court must take into consideration: (1) the costs incurred by the Beurys on dispositive motions kept the case alive in the Texas court (thus, they retain the value of their expenditures) (shift less); (2) the preclusive effect of the Beurys' successes in state court, on matters both dispositive and nondispositive, was eliminated by Cadle's nonsuit (shift more), yet (3) the expense of relitigating issues will be mitigated by recyclable legal work from the Texas case (shift less).

*Id.* at 5. Cadle seems to argue that, by filing the declaratory judgment action the Beurys increased the recyclability of their state-court work, and more preclusive effect of their state-court successes is preserved. Thus, Cadle concludes, less of the Beurys's costs should now be shifted to Cadle.

That is all well and good, but totally unrelated to this case. In other words, the state-court successes are useful, but they are still not useful in this case. The Beurys spent $41,000 defending the Texas action; by nonsuiting the action and refiling here, Cadle caused a significant amount of those costs to go to waste -- the amount related to the two notes here. Cadle did not, however, cause any amount to go to waste related to the third note -- a fact which the Court addressed in the previous Order. Because the award set in the previous Order would have been the same whether the Beurys were relitigating the third note in state court or not, the motion for reconsideration is denied.

The Court will now await Cadle's $20,500 payment into the Court's registry. In the meantime, the Beurys are ordered to respond to Cadle's motion for summary judgment (for which responses were due 3/12/07 notwithstanding the stay) within 15 days of the date this Order is served upon them.

IV. **CONCLUSION**

The Cadle Company's motion to stay (and amend the motion to stay), doc. # 40-42 is *GRANTED*. The Cadle Company's motion to

3

reconsider the F.R.Civ.P. 41(d) award, doc. # 40-42, is *DENIED*. The case is still *STAYED* pending proof of payment of $20,500 by Cadle into Court's registry. Furthermore, the Beurys shall respond to Cadle's motion for summary judgment, doc. # 27, within 15 days of the date this Order is served upon them.

This 11 day of June, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA